# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

NICHOLE L.[1],

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____

Civ. No. 1:17-cv-01713-AA

**OPINION & ORDER**

AIKEN, District Judge:

       This case comes before the Court on Plaintiff's Motion for Attorney Fees.  ECF No. 25.
Plaintiff's Motion indicates that the Commissioner does not oppose an award of fees in the
requested amount.  The Court has reviewed the record and the motion is GRANTED.

## LEGAL STANDARD

       Upon entering judgment in favor of a Social Security claimant who was represented by an
attorney, a court "may determine and allow as part of its judgment a reasonable fee for such
representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant
is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).  Section 406(b) expressly
requires any attorney's fee awarded under that section to be payable "out of, and not in addition
to, the amount of such past due benefits."  *Id.*

       In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court clarified that § 406
"does not displace contingent-fee agreements as the primary means by which fees are set for

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental
party or parties in this case.

successfully representing Social Security benefits claimants in court." *Id.* at 807.  Courts must approve § 406(b) fee determinations by, first, determining whether a fee agreement has been executed and then testing it for reasonableness.  *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808).  "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807.  Even within the 25 percent boundary, however, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

### DISCUSSION

Plaintiff in this case sought review of the decision of the Commissioner of Social Security denying benefits.  On March 28, 2019, the Court reversed and remanded for calculation and payment of benefits.  ECF Nos. 20, 21.  On May 1, 2019, the Court granted Plaintiff's motion for EAJA fees in the amount of $6,944.10.  ECF No. 24.  On remand, Plaintiff was awarded $97,630.00 in retroactive benefits.  ECF No. 25-1.  Plaintiff seeks an award of $24,407.50 pursuant to 42 U.S.C. § 406(b).  After refunding the fees previously awarded under the EAJA, these awards total $17,463.40, or 25% of Plaintiff's past-due benefit award.

### I.    Contingency Fee Agreement

Under *Gisbrecht*, the Court's first duty when considering whether to approve a contingency fee agreement is to determine whether it is within the statutory 25% cap.  *Gisbrecht*, 535 U.S. at 807-08.  The fee agreement between Plaintiff and Plaintiff's counsel contemplated a contingency fee award of up to 25%.  ECF No. 25-1.  As previously discussed, the fee award sought by Plaintiff's counsel is exactly 25% of the past-due benefit award.  On review, the Court concludes that both the fee agreement and the amount sought comply with the maximum allowed by statute.

## II.    Reasonableness

Next, the Court must determine whether application of the fee agreement yields reasonable results under the circumstances. *Gisbrecht*, 535 U.S. at 807-08.  In making this determination, the Court must recognize the "primacy of lawful attorney-client fee agreements." *Id.* at 793. However, although a contingency agreement should be given significant weight in fixing a fee, the Court can depart from it if it produces unreasonable results. *Id.* at 808.  The burden rests with Plaintiff's counsel to establish the requested fee's reasonableness. *Id.* at 807.

The Ninth Circuit has established four factors to guide the Court's inquiry into the reasonableness of a requested fee: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney in seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the possibility that the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-53.

In this case, all four factors weigh in favor of granting Plaintiff's motion.  Counsel ably represented Plaintiff and achieved a favorable result—remand and award of benefits—in a reasonably expeditious manner.  The Court has reviewed the hours expended by Plaintiff counsel and concludes that the fee award, representing an effective hourly rate of $705.42, is not disproportionate.  The Court finds no cause to reduce the requested fees and the full amount should be awarded.

## CONCLUSION

For the reasons set forth above, the Plaintiff's motion for an award of attorney fees, ECF No. 25, is GRANTED.  Plaintiff's counsel should be awarded fees under 42 U.S.C. § 406(b) in the amount of $24,407.50.  Previously, the Court awarded Plaintiff's attorney fees in the amount of $6,944.10 under the EAJA.  When issuing the check for payment to Plaintiff's attorney, the

Commissioner should be directed to subtract the amount awarded under the EAJA and send Plaintiff's attorney the balance of $17,463.40, less any applicable processing or user fees prescribed by statute.  Payment of this award should be made via check payable and mailed to Plaintiff's attorney Tim Wilborn at P.O. Box 370578, Las Vegas, Nevada 89137.  Any amount withheld after all administrative and court attorney fees are paid should be released to Plaintiff.

It is so ORDERED and DATED this  5th  day of June 2020.


 /s/Ann Aiken
ANN AIKEN
United States District Judge